_____ FILED        _____ ENTERED
_____ LOGGED      _____ RECEIVED

AUG 2 4 2012

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

BY ⟋⟍        DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Greenbelt Division)

| | |
|---|---|
| **THOMAS ALSTON** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. RWT 1 2 CV 2 5 4 4 |
| | ) **JURY TRIAL DEMANDED** |
| **ER SOLUTIONS, INC.** | ) |
| | ) |
| Defendant. | ) |

### COMPLAINT

COMES NOW the Plaintiff, Thomas Alston, (hereafter the "Plaintiff") and for his complaint against the Defendant ER Solutions, Inc. ("ERS") and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq*. ("FCRA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA")

### JURISDICTION & VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1692k(d), 15 U.S.C. §1681(p) and 28 U.S.C. §1331. Venue in this District is proper in that ERS transacts business here and the conduct complained of occurred here.

### PARTIES

2. The plaintiff is a natural person and resides in Largo, Maryland. He is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c) and the FDCPA, 15 U.S.C. §1692a(3).

3. Defendant ERS is a Washington State Corporation principally located at 800 SW 39th Street, Renton, Washington 98055.

4. Defendant ERS regularly collects or attempts to collect debts owed or due or

asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6). Defendant moreover uses one or more instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debt.

## FACTS

5.      On July 17, 2011 Mr. Alston obtained his Experian and Transunion credit reports and discovered that on July 14, 2011 ERS obtained Mr. Alston's credit report from Experian without a permissible purpose and reported a collection account to Experian and Transunion.

6.      On July 18, 2011 Jennifer Peden on behalf of ERS sent a dunning letter to Mr. Alston. In the letter Penden falsely asserted that Mr. Alston had a delinquent cell phone account with Sprint in the amount of $405.91. ERS further falsely stated that it represented Sprint and that Mr. Alston should pay ERS directly.

7.      The alleged cell phone debt allegedly arose from services provided by Sprint, which were primarily for family, personal or household purposes and meets the definition of a "debt" under 15 U.S.C. §1692a(5).

8.      On or about August 8, 2011 Mr. Alston sent a letter disputing the debt. In his letter Mr. Alston requested proof that Mr. Alston owed $405.91 and proof that ERS had authority to represent Sprint. Mr. Alston further demanded that ERS to stop reporting the account to the credit bureaus and remove its credit inquiries.

8.      In correspondence to Mr. Alston dated, August 25, 2011 ERS again falsely asserted that Mr. Alston had a delinquent cell phone account with Sprint in the amount of $405.91.

## COUNT ONE: VIOLATIONS OF FCRA

9.      Plaintiff realleges and incorporates paragraphs 1 through 8 above as if fully set out herein.

10.      Defendant ERS is a "person" within the meaning of the FCRA, 15 U.S.C. §1681a(b).

2

11.     Defendant ERS violated 15 U.S.C. §1681b(f) by obtaining Plaintiff's consumer credit report without a permissible purpose as defined by U.S.C. §1681b(a).

12.     As a result of conduct, actions and inactions of ERS, the Plaintiff suffered actual damages including without limitation, by example only and as described herein by Plaintiff: credit repair costs, loss of credit, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

11.     ERS's conduct, actions and inactions were willful, rendering ERS liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, ERS was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

12.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorneys' fees from ERS in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

## COUNT TWO: VIOLATIONS OF FDCPA

13.     Plaintiff realleges and incorporates paragraphs 1 through 12 above as if fully set out herein.

14.     Defendant ERS violated 15 U.S.C. §1692e(2) & (10) by falsely representing Plaintiff had a debt with Sprint in the amount of $405.91 and that it ERS had authority to collect the debt.


19.     As a result of conduct, actions and inactions of the Defendant, the Plaintiff suffered actual damages including without limitation, by example only and as described herein by Plaintiff: out-of-pocket expenses, embarrassment, humiliation, emotional and mental distress.

20.     Defendant's conduct was the proximate cause of Plaintiff's injuries, rendering Defendants liable for actual damages in an amount to be determined by the jury pursuant to 15 U.S.C.

§1692k(a)(1), statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A), and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3).

WHEREFORE, your Plaintiff demands judgment for actual and punitive damages against ERS Group Inc.; for his attorney's fees and costs; for prejudgment and post-judgment interest at the legal rate, and such other relief as the Court deems just, equitable and proper.

**TRIAL BY JURY IS DEMANDED.**

**THOMAS ALSTON**

By _Thomas Alston_

Thomas Alston
10012 Cedarhollow Lane
Largo, MD 20774
(240) 432-0927
*Pro Se*